UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| RAJUL RUHBAYAN,<br><br>    Petitioner,<br><br>V.<br><br>J. C. HOLLAND, Warden,<br><br>    Respondent. | Civil Action No. 6:13-255-KKC<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

Rajul Ruhbayan is an inmate confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding *pro se*, Ruhbayan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the constitutionality of the prison sentence he is presently serving. Because a § 2241 petition is not the proper manner of obtaining the relief sought, the petition will be denied.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Ruhbayan's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Ruhbayan's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**I**

The background of this matter is complex, involving two indictments and two different trials (the second indictment and trial resulting from the first trial) and three different sentencing hearings concerning Ruhbayan's convictions from the second trial. A brief summary of these two indictments, convictions, and sentences follows.

**A.     The First Trial**

Initially, on August 25, 2000, Ruhbayan was indicted for multiple felonies, including being a felon in possession of a firearm, in contravention of 18 U.S.C. § 922(g)(1), and related criminal offenses. During his First Trial, the prosecution presented several witnesses to Ruhbayan's drug trafficking and firearms activities, including testimony from police officers that, incident to Ruhbayan's arrest on April 14, 2000, they recovered a loaded nine-millimeter pistol, which had been hidden between cushions in the back seat of Ruhbayan's vehicle.

In his defense, Ruhbayan presented the testimony of three witnesses, including himself and his former girlfriend, Yolanda Goodman. In his defense, Ruhbayan admitted that he was a convicted felon, but denied that he was a drug dealer and had ever possessed or used firearms, including the pistol recovered from his van. Goodman testified on Ruhbayan's behalf that she was his girlfriend, that she had often been to his home, and that she had never seen him with either drugs or firearms. Importantly, she admitted that she was a convicted felon and had placed the pistol in the van without Ruhbayan's knowledge.[1] Thereafter, the jury in the First Trial convicted Ruhbayan on two lesser-

---

[1] On February 2, 2001, Goodman was indicted by the grand jury, apparently as the result of her testimony in the First Trial. She was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), having admitted under oath that she was a convicted felon and that she had possessed the pistol found in Ruhbayan's van. Goodman then changed her story, advising the Government that she had testified falsely in the First Trial regarding Ruhbayan's drug trafficking and firearms activities. On May 9, 2001, she entered a plea of guilty to an information charging her with obstruction of justice, in violation of 18 U.S.C. § 1503. In her plea agreement, Goodman stipulated that she had:

2

included misdemeanor offenses—simple possession and conspiracy to possess crack cocaine—but acquitted him on the other counts, including the § 922(g)(1) firearm possession charge. After being sentenced to twenty-four months in prison, Ruhbayan appealed, but the Fourth Circuit affirmed. See *United States v. Ruhbayan*, 15 F. App'x 116 (4th Cir.2001) (unpublished).

**B.      The Second Trial**

On February 12, 2002, the grand jury returned a five-count indictment against Ruhbayan for the events relating to Goodman and the First Trial, charging him with (1) conspiracy to commit perjury and obstruct justice, in contravention of 18 U.S.C. § 371; (2) corruptly influencing and attempting to influence the testimony of a witness, in violation of 18 U.S.C. § 1512(b)(1); (3) perjury, in contravention of 18 U.S.C. § 1623; (4) subornation of perjury, in violation of 18 U.S.C. § 1622; and (5) obstruction of justice, in contravention of 18 U.S.C. § 1503.

In Ruhbayan's Second Trial, the prosecution introduced the testimony of seven witnesses. However, the prosecution's most important evidence was Goodman's testimony and the letters Ruhbayan had written to her prior to his First Trial. See *United States v. Ruhbayan*, No. 2:02cr29, slip op. at *4 (E.D.Va. Feb. 3, 2004). Goodman testified in the

---

> testified falsely [in the First Trial] that she had possessed the firearm and ammunition and that she had placed them in Ruhbayan's vehicle without his knowledge on or about April 14, 2000, in Suffolk, Virginia, when she knew in fact that she had never possessed the firearm and ammunition, had never placed them in Ruhbayan's vehicle, and was testifying falsely as requested by ... Ruhbayan in order to assist him in misleading the jury....

Goodman also agreed to testify against Ruhbayan in any subsequent trials, and she provided the Government with more than fifty letters he had written to her while awaiting his First Trial. In the letters, Ruhbayan first directed Goodman to find a non-felon to testify falsely for him by admitting possession of the pistol, and he eventually convinced Goodman to lie on his behalf about placing the pistol in his van.

3

Second Trial that her testimony in the First Trial had been false, that she had never possessed the pistol recovered from Ruhbayan's van, that she had observed Ruhbayan with firearms on several occasions, and that he had been engaged in substantial drug trafficking activities.

Ruhbayan testified in his own defense in his Second Trial, maintaining, as he did in the First Trial, that the pistol found in the van was not his. He asserted that, by his letters to Goodman, he only sought to have her testify truthfully and that much of his language was an attempt at rap lyrics. On October 24, 2003, the Second Trial jury returned a guilty verdict on all five counts.

On February 3, 2004, the trial court conducted Ruhbayan's sentencing hearing. In determining Ruhbayan's sentencing range, the court enhanced his offense level by four levels for his leadership role in an "otherwise extensive" crime under § 3B1.1(a) of the Sentencing Guidelines, finding, *inter alia*, that the criminal activity included Ruhbayan, Goodman, his trial counsel, and others connected to the First Trial. See *United States v. Ruhbayan*, 302 F.Supp.2d 634, 636 (E.D. Va.2004). In making its § 3B1.1(a) ruling, the court concluded that "many other individuals who are not criminally responsible for the offense unwittingly assisted in its execution," and, under *United States v. Ellis*, 951 F.2d 580 (4th Cir.1991) (Powell, J.), the use of the "unknowing services of many outsiders" warranted the application of the enhancement. *Ruhbayan*, 302 F.Supp.2d at 636. Ultimately, the trial court enhanced Ruhbayan's Offense Level and Criminal History Category under various provisions of the Sentencing Guidelines and sentenced Ruhbayan to life in prison on the witness tampering count and to sixty months on each of the remaining counts, all to run concurrently.

On direct appeal, the Fourth Circuit affirmed Ruhbayan's convictions, but vacated his sentences and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), decided subsequently to Ruhbayan's sentencing in 2004 and while his appeal was pending. On November 8, 2005, Ruhbayan was resentenced; the trial court imposed the same sentence as previously imposed: life imprisonment on Count 2 and 60-month sentences on each of the three remaining counts, all to run concurrently. Ruhbayan appealed, and the Fourth Circuit affirmed. *United States v. Ruhbayan*, 527 F.3d 107 (4th Cir. 2007). Ruhbayan then filed a petition for a writ of certiorari in the United States Supreme Court, which the Court granted, vacated the judgment, and remanded to the Fourth Circuit in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). The Fourth Circuit, in turn, remanded to the trial court for resentencing in light of *Kimbrough*. [See *United States v. Rajul Ruhbayan*, Case No. 05-5166 (4th Cir. Sept. 22, 2008), R. 76 therein]

Following the second remand from the Fourth Circuit, on March 3, 2009, the trial court reimposed the same sentence as previously imposed: life imprisonment on Count 2 and 60-month sentences on each of the three remaining counts, all to run concurrently. [See *United States v. Rajul Ruhbayan*, No. 2:02-cr-029 (E.D. Va. March 3, 2009 (R. 127 therein)] Ruhbayan appealed, but the Fourth Circuit affirmed. [See *United States v. Rajul Ruhbayan*, Case No. 09-4239 (4th Cir. March 12, 2010), R. 57 therein]

Thereafter, Ruhbayan filed a motion in the Third Circuit pursuant to 28 U.S.C. § 2244, which the Third Circuit transferred to the trial court as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. [See *United States v. Rajul Ruhbayan*, No. 2:02-cr-029 (E.D. Va. March 3, 2009 (R. 139 therein)] On April 21, 2011, the trial court denied Ruhbayan's § 2255 motion. [ *Id.*, at R. therein]. Ruhbayan appealed, but the Fourth

5

Circuit dismissed the appeal and denied Ruhbayan a certificate of appealability. [See *United States v. Rajul Ruhbayan*, Case No. 11-7053 (4th Cir. December 23, 2011), R. 8 therein]

On December 16, 2013, Ruhbayan filed the subject habeas petition. [R. 1]

## II

Ruhbayan raises no claims that fall under the purview of Section 2241 (*i.e.*, aspects regarding the execution of his sentence, such as the computation of sentence credits or parole eligibility). *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he appears to claim that both the trial and appellate courts have refused to apply *Blakely* in his resentencing hearings in violation of his due process rights.[2] As relief, Ruhbayan seeks immediate release from custody.

However, § 2241 is not the mechanism for making this claim. Rather, as a general rule, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Civ. No. 4:10-36, at *6 (E.D. Tenn. Aug. 17, 2010). In *Terrell*, the Sixth Circuit explained the difference between the two habeas statutes as follows:

---

[2] Ruhbayan does not provide the full citation to *Blakely*, but the Court presumes that he is referring to *Blakely v. Washington*, 542 U.S. 296 (2004), wherein the United States Supreme Court ruled that the State of Washington's mandatory sentencing scheme was unconstitutional.

6

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Id.* (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge his conviction under § 2241 instead of § 2255 under certain limited circumstances. For example, a prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id.* However, "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Under this framework, Ruhbayan fails to demonstrate that a remedy under § 2255 was inadequate or ineffective to challenge his federal detention. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003). The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion.[3] *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). In other words, § 2241 is not an additional, alternative, or supplemental remedy to the one provided by § 2255. *Charles*, 180 F.3d at 758. Therefore, a petitioner's claims such as those that Ruhbayan asserts here must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); See Charles, 180 F.3d at 757.

To the extent that Ruhbayan may be claiming that his life sentence violates the Fifth and/or Sixth Amendments, he cannot proceed because he is not claiming that he is

---

[3] Ruhbayan appealed the denial of his § 2255 motion, but the Fourth Circuit dismissed the appeal and denied him a certificate of appealability. [See *United States v. Rajul Ruhbayan*, Case No. 11-7053 (4th Cir. December 23, 2011), D.E. No. 8 therein] It appears that he was not authorized to file a second or successive § 2255 motion.

actually innocent of the underlying offenses of which he was convicted. *See Jones v. Castillo*, No. 10-5376, 2012 WL 2947933, at *1 (6th Cir. July 20, 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *See Peterman*, 249 F.3d at 462; *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Rajul Ruhbayan's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered in favor of the Respondent.

Dated this 24th day of April, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY